NO. 07-05-0175-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 23, 2005



______________________________




RICK MARION HUBBARD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 45,667-B; HONORABLE JOHN B. BOARD, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, appellant Rick Marion Hubbard was convicted of
engaging in organized criminal activity, and on January 12, 2005, punishment was
assessed at 18 months confinement. Appellant timely filed a motion for new trial; his notice
of appeal was filed on April 18, 2005. We dismiss for want of jurisdiction.

 When a timely motion for new trial is filed, a notice of appeal is due to be filed with
the trial court clerk within 90 days after the day sentence is imposed. See Tex. R. App. P.
26.2(a)(2). The deadline may be extended if, within 15 days, the party files the notice and
a motion complying with Rule 10.5(b)(2) of the Texas Rules of Appellate Procedure. See
Tex. R. App. P. 26.3. When a notice of appeal, but no motion for extension of time is filed
within the 15-day window, this Court does not have jurisdiction to dispose of the appeal in
any manner other than by dismissal for want of jurisdiction. Olivo v. State, 918 S.W.2d
519, 523 (Tex.Cr.App. 1996) (en banc). See also Slaton v. State, 981 S.W.2d 208, 209-10
(Tex.Cr.App. 1998). Additionally, we do not have authority to invoke Rule 2 of the Texas
Rules of Appellate Procedure in an effort to obtain jurisdiction of the case. Thus, we cannot
create jurisdiction where none exists. Slaton, 981 S.W.2d at 210. 

 Appellant's sentence was imposed on January 12, 2005, and following his timely
motion for new trial, the deadline in which to file his notice of appeal, including the 15-day
window, was extended to April 27, 2005. Although his notice filed on April 18, fell within the
15-day extension period, it was not accompanied by a motion for extension of time. 

 Accordingly, the purported appeal is dismissed for want of jurisdiction. (1)

 Don H. Reavis

 Justice


Do not publish.
1. Appellant may have recourse by filing a post-conviction writ of habeas corpus
returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004-05).



 (Tex.Crim.App. 2003).

 The parties agree we must review the trial court's ruling for abuse of discretion. See
Casey v. State, 215 S.W.3d 870, 879 (Tex.Crim.App. 2007). A trial court abuses its
discretion when its decision lies outside the zone of reasonable disagreement. Id. To
evaluate appellant's contention the trial court abused its discretion in its application of the
balancing test required for a ruling on a Rule 403 objection, we apply the factors discussed
in Montgomery, 810 S.W.2d at 389-90, and listed in Wyatt v. State, 23 S.W.3d 18, 26
(Tex.Crim.App. 2000). Appellant contends that all the listed factors, with the "possible
exception" of the time it took to develop the evidence, weigh against admissibility of
evidence of the other incidents of sexual intercourse. We disagree.

 Appellant's case was presented through cross-examination of the State's witnesses,
and focused on contesting the credibility of the victim and her friends. During cross-examination of the State's first witness, Brownfield police officer Clint Jackstas, for
example, defense counsel adduced testimony that the victim was in police custody and
was "in trouble" when she first told her mother and the officer of her sexual relationship with
appellant. (2) Such testimony would suggest to the jury that the victim's statements against
appellant were fabrications, intended to divert attention from her own troubles with law
enforcement authorities. That theory is easier to argue if the jury heard evidence only of
a one-time sexual encounter between appellant and the victim than if the jury is made
aware of multiple acts of sexual intercourse between them. Consistent with the statutory
provision that such evidence is admitted for its bearing on the relationship between
appellant and the victim, the evidence that appellant engaged in sexual intercourse with
the victim more than once thus serves to counter his attack on her credibility. Considered
in light of appellant's defensive strategy, the evidence has significant probative value. See
Wyatt, 23 S.W.3d at 26 (one factor in balancing test is degree to which extraneous offense
evidence serves to make a fact of consequence more or less probable).

 Appellant argues the evidence he committed the extraneous offenses was weaker
than the evidence of the tried offense. We agree the references in testimony to the
"Tahoka Road" incident lacked important details, but the victim testified she and appellant
"had sex again" in the Budget Inn room. Her testimony was supported, to a degree at
least, by her friend's statement that the victim and appellant were in bed together in the
room. The extraneous offense testimony was not so weak as to require its exclusion. See 
id. 

 We do not agree with appellant that the evidence of the extraneous acts of sexual
intercourse had significant potential to impress the jury "in some irrational but nevertheless
indelible way." Wyatt, 23 S.W.3d at 26. He is unable to identify any specific way in which
the evidence may have improperly impressed the jury. See Gigliobianco v. State, 210
S.W.3d 637, 641 (Tex.Crim.App. 2006) (discussing possible bases for unfair prejudice). 
The trial court's limiting instruction minimized the risk of such irrational impressions. See 
Smith v. State, 211 S.W.3d 476, 480 (Tex.App.-Amarillo 2006, no pet.) (noting that
consequence of limiting instruction). By the victim's testimony, the extraneous acts of
intercourse differed from the tried offense only in their locations and dates. Her terse
descriptions of the acts varied little. 

 As appellant's brief notes, the evidence of the extraneous offenses generally was
presented along with that of the tried offense. The time the State devoted to the
extraneous offenses is not a significant factor in the Rule 403 balancing test in this case,
nor do we think there was a significant risk here of distracting the jury from consideration
of the offense being tried. Wyatt, 23 S.W.3d at 26.

 Appellant lastly argues the State had little need for the extraneous offense evidence.
Again, we disagree. As noted, in our view, the trial court reasonably could have
determined appellant's challenge to the victim's credibility supported the State's need for
the evidence of their multiple sexual encounters. See Tex. Code Crim. Proc. Ann. art.
38.37 (Vernon 2005) (making such evidence admissible to show relationship between 
defendant and the child). 

 Finding the record fails to show the trial court abused its discretion by admitting the
extraneous offense evidence, we overrule appellant's first issue. Disposition of this issue
obviates the need to address his second issue. We affirm the judgment of the trial court.


 James T. Campbell

 Justice


 

Do not publish.
1. Subsequent discussion shows the State relied on article 38.37 of the Code of
Criminal Procedure allowing admission of other crimes by a defendant against the same
child victim in certain classes of cases, including sexual assault. Tex. Code Crim. Proc.
Ann. art. 38.37 (Vernon 2005). The statute makes the evidence admissible to show the
state of mind of the defendant and the child and their previous and subsequent
relationship, "[n]otwithstanding rules of evidence 404 and 405." 
2. Jackstas testified he placed the runaway victim in handcuffs to impress upon her
"the fact she was in trouble."